J-S20004-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON HARRIS | : | |
| | : | |
| Appellant | : | No. 2110 EDA 2022 |

Appeal from the PCRA Order Entered July 26, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002900-2015

BEFORE:   DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 4, 2023**

Appellant, Aaron Harris, appeals from the July 26, 2022 Order entered in the Philadelphia County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as meritless.  After careful review, we affirm.

The relevant facts and procedural history, as gleaned from the certified record and a prior opinion of this Court, are as follows.  On February 27, 2017, Appellant entered a guilty plea to Aggravated Assault and Conspiracy arising from an incident in which he and a co-conspirator assaulted and stole from Appellant's brother, Rashad Harris.   On May 24, 2017, the trial court sentenced Appellant to an aggregate term of 4 ½ to 9 years of incarceration followed by 5 years of probation.  On June 15, 2017, Appellant filed an

_____

[*] Retired Senior Judge assigned to the Superior Court.

untimely post-sentence motion. Notwithstanding its untimeliness, the trial court held a hearing on June 30, 2017, after which it agreed to consider Appellant's motion *nunc pro tunc*. However, Appellant withdrew the motion on November 20, 2017, and did not file a direct appeal from his judgment of sentence.

On July 6, 2018, Appellant, represented by the same counsel as at his plea hearing and at sentencing, filed a PCRA petition seeking relief based on purported after-discovered evidence in the form of affidavits from his brother, Rashad, and his father, Aaron Mitchell. Appellant appended the affidavits to his petition. Rashad's affidavit stated:

> My brother Aaron Harris is currently in prison for a family altercation that we got into. I am requesting that he is released early. This incident should not have happened and we both have learned from our mistake. My brother and I had a mutual friend named Artrell, who was like family to us. Artrell and I were really close up until the day that we got into that fight. When Art[r]ell and I began to fight my brother tried to restrain me. I was angry and upset, and I began to fight with my brother too. The fight escalated into much more than I would have ever expected. I was hurt and angry so I pressed charges. I love my brother and I never meant for things to go as far as they did. Since my brother has been incarcerated, I have spoken to him on the phone numerous times and I have sent him money. We have forgiven each other and we have moved on from this situation. I don't want a family fight to keep him in prison, so I am asking that he gets released.

R. Harris Affidavit, 5/13/18.

Aaron Mitchell's affidavit stated:

> I am the biological father of Aaron Harris, but I have taken care of Rashad Harris since their mother left him with me at the age of two. I consider Rashad Harris just as much of a son as Aaron.

The night of the incident with Aaron and Rashad Harris, I took Rashad down to the police station myself. I wanted to teach Aaron a lesson about going against his brother. I did not know at the time that Rashad had done a few things to Aaron and their friends to upset them[.] I found out later[] that Rashad had stolen money from them and did other things. If I had known that Rashad was doing things to Aaron and his friends, I would not have taken him to the police station to file a complaint against Aaron. Aaron has had time to think about what he did to his brother and I believe that he has learned the lesson that I was attempting to teach him. I would like for my son Aaron Harris to get out of prison so that he can move on, enroll in school and start his professional boxing career.

A. Mitchell Affidavit, 5/14/18.

Appellant's petition did not address the PCRA's jurisdictional time-bar or plead any exceptions thereto.

On October 10, 2019, the PCRA court dismissed Appellant's petition as meritless. Appellant timely appealed, and his counsel filed a motion to withdraw from representation and an *Anders* brief. Following our review, we concluded that Appellant's first PCRA petition was untimely and that counsel's failure to plead or prove any exceptions to the PCRA's time-bar constituted *per se* ineffectiveness.[1] **See Commonwealth v. Harris**, No. 3240 EDA 2019, unpublished memorandum at 4 (Pa. Super. filed March 25, 2021) (memorandum) (citing **Commonwealth v. Peterson**, 192 A.3d 1123, 1130 (Pa. 2018)). We, therefore, reversed the PCRA court's order dismissing

_____

[1] In particular, we found that the trial court was without jurisdiction to hold a hearing on and ultimately grant Appellant's post-sentence motion *nunc pro tunc* because the court failed to do so within 30 days of imposing Appellant's sentence. **Harris**, No. 3240 EDA 2019, at 3. Thus, we concluded that Appellant's judgment of sentence became final 30 days after his May 24, 2017 sentencing. **Id.**

Appellant's petition, granted counsel's petition to withdraw, and remanded for appointment of new PCRA counsel.

Upon remand to the PCRA court, on August 16, 2021, new counsel filed an Amended PCRA petition, in which he asserted prior PCRA counsel's ineffectiveness pursuant to **Peterson**. Amended Petition, 8/16/21, at 3 (citing 42 Pa.C.S. § 9545(b)(1)(ii)).

On June 22, 2022, the PCRA court issued a Notice of Intent to Dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907, again concluding that Appellant's after-discovered evidence claim was meritless. Appellant did not file a response to the Rule 907 Notice.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, [Appellant's] PCRA claim that the notarized affidavit of Rashad Harris constituted exculpatory evidence that had subsequently become available and that would have changed the outcome of trial?

2. Did the [PCRA] court err, abuse its discretion, and/or make a mistake of law when it denied, as a matter of law, [Appellant's] PCRA claim that the notarized affidavit of Aaron Mitchell constituted exculpatory evidence that had subsequently become available and that would have changed the outcome of the trial?

Appellant's Brief at 5-6.

**A.**

Both of Appellant's issues challenge the PCRA court's denial of Appellant's after-discovered evidence claims.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To receive a new trial based on after-discovered evidence, a petitioner must satisfy the following four-part test:

> the petitioner [must] demonstrate the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Small*, 189 A.3d 961, 972 (Pa. 2018) (citing *Commonwealth v. Pagan*, 950 A.2d 270, 292 (Pa. 2008)). "The test is conjunctive; the [petitioner] must show by a preponderance of the evidence

- 5 -

that each of these factors has been met in order for a new trial to be warranted." **Commonwealth v. Padillas**, 997 A.2d 356, 363 (Pa. Super. 2010).

**B.**

In his brief to this Court, Appellant argues that the PCRA court erred in dismissing his petition because the after-discovered evidence set forth in the affidavits of his brother and his father conflicted with their initial statements to police. Appellant's Brief at 15-16. He concludes, therefore, that "if Rashad Harris had testified at trial to the version of events set forth in the affidavit of probable cause, and then recanted this testimony with the version set forth in his 2018 notarized signed statement, [Appellant] would have been granted a new trial." **Id.** at 15.[2]

The PCRA court explained that it dismissed Appellant's petition asserting a claim of after-discovered evidence because, simply, "[t]he affidavits of [A]ppellant's father [] and his brother are about their desire to see him released from prison[]" and "cannot realistically be considered evidence." PCRA Ct. Op., 11/4/22, at 4. The PCRA court aptly observed that: (1) the affidavits do not contain any relevant facts pertaining to guilt, culpability, or innocence; or any information that contradicts any of the facts in the case;

_____

[2] He also asserts that "this evidence is not merely cumulative," "would not be used solely to impeach Mr. Harris," and "could not have been obtained prior to trial." Appellant's Brief at 15-16. Appellant does not, however, argue that, had he known of these affidavits he would not have pleaded guilty and would have instead chosen to go to trial.

and (2) neither affiant provides facts refuting Appellant's criminal conduct. The court, therefore, concluded that because Appellant "cannot show that the affidavits would have compelled a different outcome if [Appellant] had gone to trial rather than pleading guilty, his after-discovered evidence claim must fail." *Id.*

We agree. As the PCRA court opined, Appellant's "arguments and the affidavits submitted are a compassionate, emotional plea of family members [] for a reduction of [A]ppellant's prison sentence, and a request for a release from prison." *Id.* at 5. These affidavits are "not evidence that, if known at the time Appellant entered his guilty plea, would have compelled a different outcome." *Id.* The record supports the PCRA court's findings, and its decision to dismiss Appellant's petition is free of legal error. Appellant is, thus, not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/04/2023

- 7 -